THE STATE OF FLORIDA, ex rel. FRED H. DAVIS, Attorney-General, *Relator*, vs. R. C. HOWELL, *Respondent*.

Opinion filed February 6, 1931.

*A. H. Odom* and *C. J. Hancock*, for Relator;

*H. E. Merryday* and *J. V. Walton*, for Respondent.

PER CURIAM.—An "amended answer and plea" repeats the averments that the respondent was duly elected sheriff at the general election held November 4, 1930, to fill the unexpired term, referring to the certificate of the county canvassing board certifying the election of respondent and made a part of the answer and plea.

By replication to respondent's amended answer and plea it appears that at the general election held November 4, 1930, votes were cast for sheriff in sixteen of the twenty-six election districts of Putnam county, the total of such votes being 357 of which the respondent received 345. The highest vote cast for any office at the election was 1194.

The constitution provides that a general election shall be held in each county in this State on the first Tuesday after the first Monday in November, A. D. 1898, and every two years thereafter, for all elective State and county officers whose terms of office are about to expire, or for any elective office that shall have become vacant. Section 9, Article XVIII as amended in 1896.

The incumbent sheriff died October 24, 1930, and the general election was held under the constitution November 4, 1930. There being a vacancy in the elective office of sheriff of the county, the constitution required a sheriff to be elected at the general election. If the death of the sheriff occurred so near the election that under the statute the proper officers could not have had an appropriate space on the election ballots prepared for votes for sheriff, this did not deprive the voters of the right under the constitution to vote for a sheriff for the

unexpired term, and they could do so by appropriately writing the office and a name on the ballots and making a proper x mark thereon.

A sheriff was not voted for in all the election districts of the county but a sheriff was voted for in 16 of the 26 election districts and the vote cast was a substantial one considering the entire vote cast.

The county canvassing board canvassed the returns and declared the election of the respondent as sheriff; and it cannot fairly be said on the showing made that the election of a sheriff was not accomplished as contemplated by the constitution.

When these quo warranto proceedings were instituted the respondent had been elected for the unexpired term, as shown by the answer, and as more fully shown by the replication. It further appears by an amendment to the answer that the respondent has qualified to hold the office of sheriff as required by Section 14, Article IV., Constitution.

By amendment to respondent's amended answer and plea, it appears a commission dated January 19, 1931, has been issued to respondent R. C. Howell, as Sheriff of Putnam County, Florida, pursuant to Section 7, Article VIII., and Section 14, Article IV., Constitution, predicated upon his election as Sheriff of Putnam County, Florida, at the general election of November 4, A. D. 1930.

The demurrer to the replication is sustained and the writ dismissed.

STRUM, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND BUFORD, J.J., concur.